Greenwood v Maxtor Realty Corp. (2025 NY Slip Op 06998)

Greenwood v Maxtor Realty Corp.

2025 NY Slip Op 06998

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2022-10190
2023-05796
 (Index No. 523924/18)

[*1]Daniel Greenwood, et al., appellants, 
v
Maxtor Realty Corporation, etc., et al., respondents.

Himmelstein Gribben & Joseph LLP, New York, NY (Ronald S. Languedoc of counsel), for appellants.
Sidrane, Schwartz-Sidrane, Perinbasekar & Littman, LLP, Rockville Centre, NY (Arun Perinbasekar of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for rent overcharges, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Debra Silber, J.), dated November 7, 2022, and (2) a judgment of the same court dated January 13, 2023. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for summary judgment on the second cause of action, to recover damages for rent overcharges, to the extent of determining that the plaintiffs were entitled to damages in the principal sum of only $5,058. The judgment is in favor of the plaintiffs and against the defendants in the principal sum of only $5,058.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, so much of the order as determined that the plaintiffs were entitled to damages in the principal sum of $5,058 is vacated, and the matter is remitted to the Supreme Court, Kings County, for a trial in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In November 2018, the plaintiffs, who began renting the subject apartment in 2006, commenced this action against the defendants, among other things, to recover damages for rent overcharges. The plaintiffs alleged that while the defendants received J-51 tax abatement benefits, the defendants engaged in a fraudulent scheme to deregulate the apartment, conceal the apartment's rent stabilized status, and conceal the apartment's legal regulated rent (see Roberts v Tishman Speyer Props., L.P., 13 NY3d 270).
In March 2022, the defendants moved, among other things, for summary judgment dismissing the complaint, and the plaintiffs moved, inter alia, for summary judgment on the second cause of action, to recover damages for rent overcharges. The parties disputed the amount of the legal regulated rent and how the base date rent should be determined. The plaintiffs argued, among other things, that the defendants failed to properly register the apartment as rent stabilized while receiving J-51 benefits as part of a fraudulent scheme to deregulate the apartment, which entitled the plaintiffs to have the legal regulated rent determined under the default formula provided in Rent Stabilization Code (9 NYCRR) §§ 2522.6(b)(3) and 2526.1(g). In an order dated November 7, 2022, the Supreme Court, inter alia, denied that branch of the defendants' motion and granted that branch of the plaintiffs' motion to the extent of determining that the plaintiffs were entitled to damages in the principal sum of only $5,058. The court concluded that fraud could not be found, since the element of scienter had not been demonstrated by the plaintiffs, and, thus, the plaintiffs had failed to demonstrate that the defendants engaged in a fraudulent scheme to deregulate the apartment. The court also denied the plaintiffs' requests for treble damages and a rent freeze. In a judgment dated January 13, 2023, the court awarded the plaintiffs damages in the principal sum of only $5,058. The plaintiffs appeal from so much of the order as granted that branch of their motion which was for summary judgment on the second cause of action, to recover damages for rent overcharges, to the extent of determining that they were entitled to damages in the principal sum of only $5,058, and the judgment.
Thereafter, in March 2024, amendments to part B of chapter 760 of the Laws of 2023 (hereinafter the chapter amendments) were enacted regarding the standard required for a plaintiff to establish that the defendant engaged in a fraudulent scheme to deregulate (see L 2024, ch 95, § 4). Pursuant to the chapter amendments, "the plaintiffs must establish that the defendant knowingly engaged in a fraudulent scheme to deregulate an apartment unit under the totality of the circumstances" (Gomes v Vermyck, LLC, 238 AD3d 26, 45; see L 2024, ch 95, § 4). There is no requirement that the plaintiffs prove all the elements of common-law fraud (see L 2024, ch 95, § 4). The chapter amendments are applicable to this matter, as they apply retroactively (see Gomes v Vermyck, LLC, 238 AD3d at 40).
Nevertheless, a trial is required, as the plaintiffs failed to eliminate all triable issues of fact as to whether the defendants knowingly engaged in a fraudulent scheme to deregulate the apartment under the totality of the circumstances (see id. at 44). Under the circumstances, the Supreme Court erred in limiting the plaintiffs' recovery of damages for rent overcharges to the principal sum of $5,058 and denying their requests for treble damages and a rent freeze, as such determinations should be made after a trial.
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court